UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:21-cv-22303-JLK

MICRO FINANCE ADVISORS, INC.,
a Florida corporation,

    Plaintiff,

v.

CLAUDIO MATUS COLOUMB,
an individual residing in Guatemala,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

THIS CAUSE is before the Court on Defendant's Motion to Dismiss Complaint for Lack of Personal Jurisdiction or, in the Alternative, for *Forum Non Convivens*, and Motion to Strike Attorney's Fees Demand (the "Motion") (DE 6), filed on July 6, 2021. The Court has also considered Plaintiff's Response (DE 11), Defendant's Reply (DE 13), and is otherwise fully advised.

**I.    BACKGROUND**

Plaintiff is a Florida corporation that provides financial management for Banco Solidario and Banco de Antigua, two Latin American banks. Compl. ¶¶ 3, 19–20. Plaintiff's officers are also board members and shareholders of these same banks. *Id.* ¶ 22. Defendant is a resident of Guatemala. *Id.* ¶ 4. On or about February 1, 2006, Defendant was hired by Plaintiff to be a general manager and commercial vice president for a bank which subsequently became Banco Solidario. *Id.* ¶24. Defendant also performed duties for Plaintiff such as delivering presentations (one of which was delivered in person to Plaintiff in Miami in October 2014). *Id.* ¶ 32.

In or around March 2016, Plaintiff terminated Defendant. *Id*. ¶ 33. On April 15, 2016, Plaintiff and Defendant reached a termination settlement agreement where Plaintiff agreed to send cash payments (Plaintiff transferred $200,000), and Defendant agreed to release Plaintiff and its affiliated banks from any further obligation. *Id*. ¶¶ 47–48. Defendant allegedly subsequently misrepresented his intentions of accepting the terms of the settlement agreement via telephone and email, accepted payments from Plaintiff, continued to incur charges on Defendant's company credit card from employer bank, and went on to initiate lawsuits in Guatemala for more money in violation of the termination settlement agreement. *Id*. ¶¶ 54–56.

On May 2, 2018, Defendant filed a civil suit in Guatemala under Guatemalan labor law against Banco de Antigua demanding money payments "from Banco de Antigua, Banco Solidario, and/or Plaintiff." *Id*. ¶¶ 58–59. On June 7, 2018, Defendant filed a criminal action in Guatemala against Mr. Fernando Bueno, chairman of the board of directors of Banco de Antigua and vice president of Plaintiff corporation. *Id*. ¶ 61. Plaintiff alleges this criminal action is an effort by Defendant to obtain additional money. *Id*. ¶¶ 61–62.

Plaintiff filed the above-styled action in state court alleging fraudulent misrepresentation, breach of contract, negligent misrepresentation, and unjust enrichment. *See* Compl., DE 1-1. On May 27, 2021, Defendant was served in Guatemala. Not. of Removal, DE 1. On June 23, 2021, Defendant timely removed this case to federal court. *Id*. Defendant now moves to dismiss the Complaint for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), or for *forum non conveniens*. *See* Mot. The Court finds that the Motion to Dismiss should be granted for the reasons stated herein.

## II.    LEGAL STANDARD

The determination of whether a federal court has personal jurisdiction over a defendant involves a two-part inquiry. First, it must be determined whether the complaint alleges sufficient

jurisdictional facts to bring the action within the ambit of Florida's Long Arm Statute, which is codified at § 48.193, Fla. Stat. *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989). Second, the Court must determine whether sufficient minimum contacts exist, in order to satisfy the due process requirements of the United States Constitution. *Id*. "[T]he constitutional touchstone" to determine whether an exercise of personal jurisdiction comports with due process "remains whether the defendant purposefully established 'minimum contacts' in the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). "Jurisdiction is proper . . . where the contacts proximately result from actions *by the defendant himself* that create a 'substantial connection' with the forum State." *Id*. (quoting *McGee v. Int'l Life Ins. Co.*, 355 U.S. 220, 223 (1957) (emphasis supplied).

### III. DISCUSSION

#### A. Long Arm Statute

Defendant argues that he is not subject to Florida's Long Arm Statute because he did not make intentional false communications into Florida. *See* Mot; Fla. Stat. § 48.193(1)(a)(2). Defendant states that he "never knew the location of the [P]laintiff when the alleged misconduct took place." Mot. at 10. In his declaration, Defendant states that he did not learn that Plaintiff was a Florida corporation until being served with the Complaint.[1] Def.'s Decl. ¶¶ 15, 20, DE 6-1. Further, Defendant states that he never signed a contract with Plaintiff, and never failed to perform a contract in Florida. *Id*. ¶¶ 16–17. Defendant additionally argues that the Complaint does not make "allegations specifying the purported *personal* misconduct by [Defendant] that knowingly 'aimed at' [Plaintiff] in Florida." Mot. at 10–11.

---

[1] On a motion to dismiss for lack of personal jurisdiction, the Court derives the facts from the affidavits and records attached to the motion and response. *See Venetian Salami Co. 554 So. 2d at 502–03*. When the plaintiff's complaint and supporting affidavits and evidence conflict with the defendant's affidavits, the Court construes all reasonable inferences in the plaintiff's favor. *See Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1360 (11th Cir. 2006).

In its Response, Plaintiff argues that it has sufficiently plead a "tortious act within the state," and Defendant's communications by phone and e-mail into Florida satisfy the requirements for personal jurisdiction under Florida's Long Arm Statute. Resp. at 8–12. Mr. Bueno, vice president of Plaintiff corporation, states in his affidavit that "Defendant knew that [Mr. Bueno] moved to Miami [in 2011] for the purpose of working for Plaintiff in Miami." Bueno Decl. ¶ 18, DE 11-1. Mr. Bueno also states that during the settlement negotiations with Defendant, Mr. Bueno made it clear that he was negotiating on behalf of Plaintiff, that Defendant knew of Mr. Bueno's role with Plaintiff, and that Mr. Bueno and Plaintiff were domiciled in Florida. *Id*. 19.

Florida's Long Arm Statute creates jurisdiction over a person when he commits a tortious act within this state. Fla. Stat. § 48.193(1)(a)(2). Plaintiff's Complaint alleges personal jurisdiction over Defendant under the Florida Long-Arm Statute because Defendant "communicated into Florida material false statements to Plaintiff . . . with the intention of inducing Plaintiff to rely on those statements . . . via e-mail and telephone to Plaintiff in Florida on several occasions in the context of settlement negotiations . . . ." Compl. ¶ 5. Plaintiff also alleges with particularity the instances of tortious misrepresentation, including Defendant's March 31, 2016 email stating that Defendant is "willing to give up an important sum of [his] income," Defendant's April 1, 2016 telephone call negotiating the settlement, and Defendants April 6, 2016 email accepting the terms of the settlement agreement. Compl. ¶¶ 5, 12, 14, 35, 37, 45, 46, 65, 66, 75, 85, 86, 87.

A nonresident defendant's "telephonic, electronic, or written communications" are sufficient to form the basis for personal jurisdiction under Florida's Long Arm Statute when alleged in plaintiff's complaint and if the alleged cause of action arises from the communications. *See Wendt v. Horowitz*, 822 So. 2d 1252 (Fla. 2002). Plaintiff alleges specific communications into Florida in its Complaint. Therefore, Defendant falls within the ambit of Florida's Long Arm Statute.

### B. Minimum Contacts

Secondly, the Court determines whether the exercise of jurisdiction comports with the due process requirements of the Fourteenth Amendment. Defendant argues that he lacked minimum contacts with Florida for jurisdiction to be constitutional. Mot. at 13–14. Specifically, Defendant argues that Plaintiff must show Florida has either specific or general jurisdiction to establish a defendant's minimum contacts with the forum state and that neither can be shown here. Defendant argues that there is no specific jurisdiction because Defendant has no agreement, contract, or business in Florida and mere communications between a Florida plaintiff and defendant are not sufficient. Mot. at 15; *Cauff, Lippman & Co. v. Apogee Finance Group, Inc.*, 745 F. Supp. 678 (S.D. Fla. 1990). And that there is no general jurisdiction because Defendant does not conduct "continuous and systematic" business in Florida. *Fraser v. Smith*, 594 F.3d 842, 846 (S.D.Fla.2010) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416 (1984)). The Court agrees that because Defendant's business was not continuous and systematic within Florida, general jurisdiction over Defendant does not exist.

Defendant argues that when analyzing minimum contacts, "[f]irst, the relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (citing *Burger King,* 471 U.S. at 475). And second, analyze the "defendant's contacts with the forum State itself, not defendant's contacts with persons who reside there." *Id*. at 285 (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Defendant argues that his alleged contact with Florida all stems from Plaintiff's "unilateral conduct towards Defendant." Reply at 4. The facts that Plaintiff alleges to connect Defendant and Florida, such as: (1) Plaintiff's use of American email addresses during negotiations, (2) Plaintiff's settlement payment originating from an American bank account, and (3) Mr. Bueno's location in

Florida when negotiating—all come from Plaintiff's activities, not contacts that Defendant *himself* created. Reply at 5.

Plaintiff argues that the Court has specific personal jurisdiction under the Due Process Clause. Resp. at 12–17. Plaintiff argues that "[w]hen dealing with intentional torts, the effects test [used in *Calder v. Jones*] is used in cases of specific jurisdiction." Resp. at 13; *Oldfield v. Pueblo De Bahia Lora, S.A.*, 558 F.3d 1210, 1221 n.28 (11th Cir. 2009) (citing *Calder v. Jones*, 465 U.S. 783, 788–89 (1984)). Under the "effects" test, minimum contacts are shown if Defendant: "(1) committed an intentional tort (2) that was directly aimed at the forum, (3) causing an injury within the forum that the defendant should have reasonably anticipated." *Oldfield*, 558 F. 3d at 1224 n.28.

Plaintiff, in its application of the effects test, argues that "[t]he subject communications constitute the intentional tort of fraudulent misrepresentation, Plaintiff [sic] knew he was directing his fraudulent communications into Florida based on years of interactions with Plaintiff's representatives in their capacities as Plaintiff's representatives, which caused Plaintiff foreseeable injury in Florida." Resp. at 13.

"*Calder* made clear that mere injury to a forum resident is not a sufficient connection to the forum." *Walden* 571 U.S. at 290. Plaintiff alleges that the harm stemmed from Defendant's tortious misrepresentations sent into Florida. *See* Compl. To further connect Defendant to Florida, Mr. Bueno, vice president of Plaintiff also states that "Plaintiff wired bonuses from Plaintiff's Bank of America account in Florida to Defendant's bank account in Panama at least twice a year from 2014 to 2016 and Defendant also received $200,000.00 in settlement money wired from Plaintiff's Bank of America account in Florida. . . ." Bueno Decl. ¶¶ 12, 20. However, when negotiating his settlement agreement, Defendant was not only negotiating with a Florida corporation, but Defendant was also negotiating with his employer bank located in Guatemala. Mr.

6

Bueno also works as chairman of the board of directors for Banco de Antigua, the highest position in the Guatemalan bank where Defendant worked. Compl. ¶ 60.

It appears Defendant's closest contact geographically to Florida was when he "traveled [in October 2014] to Florida to discuss a presentation of business matters" with executives of Plaintiff corporation. Bueno Decl. ¶ 15. Defendant contends that he did not make a presentation while in Florida but instead traveled to discuss Banco de Antigua's business with Andres Jervis, a director of Plaintiff corporation and chairman of the board of directors of Banco de Antigua, while Mr. Jervis was receiving medical treatment in Florida. Def.'s Decl. ¶ 33. Regardless, Defendant's 2014 trip is far enough removed from his 2016 employment termination negotiation that the trip would not have causes a foreseeable injury in Florida.

It is undisputed that Plaintiff is domiciled in Florida. Compl. ¶ 3. Naturally, Plaintiff's business dealings would originate from Florida. "But the plaintiff cannot be the only link between the defendant and the forum. . . it is the defendant's conduct that must form the necessary connection with the forum State. . . ." *Walden* 571 U.S. at 285 (citing *Burger King Corp.*, 471 U.S. at 478.

After careful consideration, and for the above-mentioned reasons, the Court finds that minimal contacts do not exist between Defendant and Florida. Therefore, this Court lacks personal jurisdiction over Defendant.

Accordingly, it is **ORDERED, ADJUDGED, AND DECREED** that:

1. Defendant's Motion to Dismiss **(DE 6)** be, and the same hereby is, **GRANTED**.
2. Plaintiff's Demands for Attorney's Fees are hereby **STRICKEN**;
3. Plaintiff's Complaint (DE 1-1) is **DISMISSED without prejudice**; and
4. The Clerk of Court shall **CLOSE** this case.

**DONE AND ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 1st day of October, 2021.

                                            JAMES LAWRENCE KING
                                            UNITED STATES DISTRICT JUDGE

**cc:**    **All counsel of record**
         **The Clerk of Court**